OPINION
{¶ 1} Defendant-appellant Brad Flemings appeals from a seventeen-month sentence imposed for Vandalism, after he was found to have violated the terms of the community control sanctions initially imposed. His assigned counsel has filed a brief pursuant to Anders v. California (1967),386 U.S. 738, indicating that she has not been able to find any potential assignment of error having arguable merit. After having independently reviewed the record, as required by Anders, supra, neither have we. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In August, 2002, Flemings and four other young adults decided to sneak onto the Indian Springs Golf Course and ride around on golf carts. By the time they were finished, eight carts had been damaged, totaling $8,633.73 in damages, and the damage to the grounds totaled $2,944.00. There was apparently additional, itemized damage to the property of the Golf Course.
 {¶ 3} All five, including Flemings, admitted their responsibility. Flemings was charged with two counts of Vandalism, one count of Criminal Mischief, and one count of Criminal Trespass. He pled guilty to one count of Vandalism and to Criminal Trespass. The other charges were dismissed. In February, 2003, Flemings was sentenced to community control sanctions for three years and fined $500 on the Vandalism count. On the Criminal Trespass count, Flemings was sentenced to thirty days in jail, with twenty-three days suspended and seven days credited as time already served. He was also fined $200 and placed on probation for three years on this count. He was also ordered to pay $100 per month towards restitution, his fines, and court costs. He was ordered to perform one hundred hours of community service, and was subject to various other conditions. He was informed that if he violated the terms of his community control sanctions, he would be sentenced to seventeen months incarceration on the Vandalism count.
 {¶ 4} In October, 2003, Flemings appeared in court upon an allegation that he had violated the terms of his community control sanction. An attorney was appointed to represent him, and a hearing date was scheduled for October 14, 2003. On that date, Flemings appeared with his attorney. He did not contest the merits of two of the allegations, and a further hearing was set for October 28, 2003. Flemings did not appear at that hearing, and the hearing was rescheduled for October 31, 2003. Flemings did not appear at that hearing, and a warrant for his arrest was issued.
 {¶ 5} Flemings was later apprehended in New Mexico and extradited. He appeared in court on December 29, 2004, to answer charges that he had violated the terms of his community control sanction by: (1) operating a motor vehicle with a suspended license in the vicinity of Columbus, Ohio, on October 3, 2003; (2) failing to report his arrest for that offense to his supervising officer; (3) failing to make any payments toward his financial obligations; (4) absconding from the supervision of the Champaign County Common Pleas Court on or about October 31, 2003; and (5) failing to appear at the hearing scheduled for October 31, 2003. Flemings did not deny these allegations, and he was found to have violated the terms of his community control sanctions.
 {¶ 6} The trial court imposed a sentence of seventeen months for Vandalism, allowing a jail-time credit of thirty-four days, which included both the initial seven days spent in jail when the charges were first pending against him, and an additional twenty-seven days when he was jailed in New Mexico, awaiting extradition. From his conviction and sentence, Flemings appeals.
 II {¶ 7} Flemings's appellate counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, indicating that she has not been able to find any potential assignment of error having arguable merit. By entry of this court, Flemings was advised of this fact, and was given sixty days within which to file his own, pro se appellate brief. He has not done so.
 {¶ 8} Pursuant to Anders v. California, supra, we have performed our duty to review the record independently, to see if there are any potential assignments of error having sufficient merit to make the appeal not wholly frivolous. We have no potential assignments of error having arguable merit. Counsel has directed us to only one potential assignment of error — that the trial court abused its discretion by imposing more than a minimum sentence.
 {¶ 9} Although a minimum sentence is the presumptively correct sentence for a first-time felony offender, the trial court may impose a more-than-minimum sentence if it finds upon the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or by others. R.C. 2929.14(B)(2). In this case, the trial court found, both in its sentencing entry, and orally on the record at the sentencing hearing, that: "The shortest term demeans the seriousness of the offense and does not adequately protect the public."
 {¶ 10} Perhaps a non-frivolous argument could be made in this case that the shortest term does not demean the seriousness of the offense, although the total damage to property — $12,389.73, according to the pre-sentence investigation report — does seem to make this more than a minimal act of vandalism. But the trial court, in its remarks at the sentencing hearing, placed emphasis upon Flemings's lackadaisical attitude toward the court system, as evidenced by his numerous failures to appear on time, his commission of a driving under suspension offense while under a community control sanction, his failure to make any payments toward restitution, fines and costs, and his ultimate flight from the jurisdiction. Based upon these facts, we conclude that no reasonable argument can be made that the trial court abused its discretion in finding that the minimum sentence in this case — six months — would not adequately protect the public from the risk of future criminal conduct by Fleming.
 III {¶ 11} This court agreeing with assigned appellate counsel that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous, the judgment of the trial court is Affirmed.
Wolff and Grady, JJ., concur.